IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MILLER, | No. C 04-5511 SBA |
| Plaintiff. | |
| v. | **ORDER** |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, et al., | |
| Defendants. | |

On December 30, 2004, defendant Life Insurance Company of North America filed a Notice of Removal, thereby removing the above-captioned case to this Court.

On May 26, 2005, Judge Fern Smith held an initial Case Management Conference. On August 3, 2005, the case was reassigned to this Court.

On September 2, 2005, this Court held a further Case Management Conference. Following the Case Management Conference, on September 16, 2005, the Court issued its Pretrial Order. Pursuant to the Pretrial Order, the case was scheduled for a ten-day jury trial to commence on May 15, 2006.

On December 27, 2005, counsel for Plaintiff, Teal & Montgomery, filed a letter with the Court indicating that the case had been settled. The letter also requested that the pending Motion to Compel, which was scheduled to be heard before Magistrate Judge Larson, be vacated.

On December 28, 2005, after stating that the Court had been advised that the case had settled,

the Court issued an order dismissing the case.

On January 27, 2006, Plaintiff filed the instant Motion for Relief from Order of Dismissal. In the Motion, Plaintiff explains that, due to a certain internal law firm misunderstanding, her counsel erroneously advised the Court that the case had settled when, in fact, a written settlement agreement had not yet been consummated.

Rule 60(b) of the Federal Rules of Civil Procedure provides that, upon a party's motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Defendants have not filed an opposition to Plaintiff's Motion and the deadline for filing such opposition has passed. Thus, having considered the papers presented to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court also finds that the interests of justice warrant granting Plaintiff relief from the Court's Order dismissing the case, since the dismissal was the result of her counsel's error. Counsel for Plaintiff, however, is expressly admonished for failing to provide the Court with complete and accurate information regarding the status of the case and is advised to take greater care in its communications with the Court in the future. Further, <u>both</u> parties are reminded that they are obligated to meet and confer with each other before filing any motions with the Court. The underlying rationale for this obligation is the elimination of the need for the Court to expend limited judicial resources on matters that could otherwise be resolved by the parties through stipulation. Further, if a party determines that it no longer opposes a motion that is pending before the Court, the Court expects the party to <u>promptly</u> advise the Court by filing a statement of non-opposition <u>on or before the date that the opposition brief is due</u>.

Accordingly,

2

1    IT IS HEREBY ORDERED THAT Plaintiff's Motion for Relief from Order of Dismissal
2 [Docket No. 34] is GRANTED.
3    IT IS FURTHER ORDERED THAT the Court's December 28, 2005 Order dismissing this case
4 is VACATED. The Clerk shall reopen the case and restore the case to the active docket.
5    IT IS FURTHER ORDERED THAT the dates set forth in the Court's September 16, 2005
6 Pretrial Order, and the Court's December 6, 2005 Order granting an extension of the discovery cut-off
7 deadline, <u>remain in full force and effect</u>. Both parties are expected to be prepared for the May 15, 2006
8 trial date.
9    IT IS FURTHER ORDERED THAT the parties may not modify any of the pretrial dates without
10 first seeking leave of Court.
11    IT IS SO ORDERED.

13 Dated: 2/14/06                             SAUNDRA BROWN ARMSTRONG
                                              United States District Judge

3